UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN RACHELL ZUCKSWERT,[1]<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[2]<br><br>Defendant. | No. 2:17-cv-00779 AC<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34.[3]

---

[1] Plaintiff's counsel has misspelled her name as "Duckswert" in both the Complaint and the Motion for Summary Judgment, ECF Nos. 1 & 20. The administrative record, including plaintiff's medical records, and other documents filed in this court demonstrate that her name is Zuckswert. See ECF Nos. 2, 12; see also ECF No. 11 at 1, fn.1. The Clerk will be directed to correct the docket accordingly.

[2] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on September 23, 2018). She is therefore substituted as the defendant in this action. See 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[3] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).

1

For the reasons that follow, the court will grant plaintiff's motion for summary judgment, and deny the Commissioner's cross-motion for remand.

## I. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits on December 7, 2012. Administrative Record ("AR") 12.[4] The disability onset date for the application was alleged to be January 11, 2012. Id. The applications were disapproved initially and on reconsideration. Id. On January 13, 2015, Administrative Law Judge ("ALJ") Mark C. Ramsey presided over the hearing on plaintiff's challenge to the disapprovals. AR 31-71 (hearing transcript). Plaintiff, who was present and testified at the hearing, was represented by attorney Donald Bartholomew. AR 31. No vocational expert testified at the hearing. On June 4, 2015, the ALJ held a supplemental hearing following a psychological consultative examination. AR 12, 72-79 (hearing transcript). Plaintiff, who was present and testified at the hearing, was again represented by attorney Donald Bartholomew. AR 72. Jim Vaneck, a Vocational Expert ("VE"), also testified at the hearing. Id.

On July 2, 2015, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 12-25 (decision), 26-30 (exhibit list). On March 13, 2017, after receiving supplemental medical records from Ornella Addonizio, M.D. dated February 14, 2012 to January 20, 2013, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-3 (decision), 4 (exhibit list).

Plaintiff filed this action on April 12, 2017. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 8, 10. The parties' motions, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 20 (plaintiff's summary judgment motion), 18 (Commissioner's motion to remand and opposition), 19 (plaintiff's reply).[5]

---

[4] The AR is electronically filed at ECF Nos. 12-3 to 12-11 (AR 1 to AR 571).
[5] Defendant also filed a reply, ECF No. 26, to which plaintiff objects on grounds that it was filed in violation of the court's order. ECF No. 27. The court will not consider defendant's reply, because it was filed outside the parameters of the briefing schedule set by order of April 14, 2017. ECF No. 5 at 2-3; see also id. at 4 ("Requests to modify this order must be made by written motion.")

## II. FACTUAL BACKGROUND

Plaintiff was born on 1966, and accordingly was 45 years old on the alleged disability onset date, making her a "younger person" under the regulations. AR 22; see 20 C.F.R §§ 404.1563(c). Plaintiff has a high school education, and can communicate in English. AR 22.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive....'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.")

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn

v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits is available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment...'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not

4

disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since January 11, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. [Step 2] The claimant has the following severe impairments: generalized anxiety disorder, major depressive disorder, attention deficit disorder/attention deficit hyperactivity disorder, and posttraumatic stress disorder (20 CFR 404.1520(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 404.1526).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is limited to performing simple, unskilled, non-public work, with only occasional supervisor and fellow employee contact. The claimant is also limited to performing jobs with no changes in the routine work setting.
>
> 6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. [Step 5] The claimant was born on [] 1966 and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (20 CFR 404.1563).

8. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1563).

9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 11, 2012, through the date of this decision (20 CFR 404.1520(g)).

AR 14-24.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 24.

## VI. ANALYSIS

Plaintiff raises the following issues: (1) the ALJ improperly failed to include plaintiff's Axis II personality disorder NOS as a severe impairment at Step Two; (2) the ALJ improperly discredited the treating psychiatrist's opinion; (3) the ALJ improperly discredited the opinion of the examining psychologist; (4) the ALJ erred at Step Three by not properly assessing whether plaintiff's impairments met or equaled the Listed Impairment 12.08 criterion; and (5) the ALJ improperly discredited plaintiff's testimony. ECF No. 20 at 13-22. Plaintiff seeks remand for an immediate award of benefits. Id. at 22-23. The Commissioner concedes that the ALJ failed to properly assess the pertinent medical evidence, and to correctly evaluate plaintiff's testimony regarding her subjective symptoms and limitations, but contends that she is not entitled to an immediate award of benefits. Rather, the Commissioner seeks remand for further evaluation of the record by the ALJ. ECF No. 24.

////

////

6

Because the court concludes that the ALJ's error regarding Dr. Addonizio's opinion warrants an immediate award of benefits under the "credit as true" doctrine, that is the only issue discussed below.

### A. The Medical Evidence Before the ALJ

The Ninth Circuit distinguishes "among the opinions of three types of physicians: (1) those who treat the claimant (treating physician); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995), as amended (Apr. 9, 1996). Accordingly, "the opinion of a treating physician must be given more weight than the opinion of an examining physician, and the opinion of an examining physician must be afforded more weight than the opinion of a reviewing physician." Ghanim v. Colvin, 763 F.3d 1154, 1160 (9th Cir. 2014) (citing Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 404.1527(c)). If a treating physician's opinion is not contradicted by another doctor, it may only be rejected for clear and convincing reasons supported by substantial evidence. Orn, 495 F.3d at 632 (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). Even if the treating physician's opinion is contradicted by another doctor, it may not be rejected unless the ALJ provides specific and legitimate reasons supported by substantial evidence. Id. (quoting Reddick, 157 F.3d at 725). In general, "conflicts in the evidence are to be resolved by the Secretary and that his determination must be upheld when the evidence is susceptible to one or more rational interpretations." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation omitted).

In this case, the ALJ considered the opinions of six mental health professionals. The ALJ gave "great weight" to the opinions of State Agency's non-examining physician Robert Ludicke, M.D., and psychologist Patrice G. Solomon, Ph.D., because he found their conclusions that plaintiff was limited to performing simple repetitive tasks were consistent with the record overall AR 20. Both opinions concluded that plaintiff's conditions were not severe enough to limit her ability to work. AR 92, 101. The ALJ assigned "reasonable weight" to the opinion of examining

psychologist, Anita Kemp, Ph.D., and "little weight" to the opinion of plaintiff's treating psychotherapist, Al Huitric, M.S. AR 21. The ALJ also assigned "little weight" to the opinions of treating psychiatrists, Thomas J. Andrews, M.D. and Ornella Addonizio, M.D. AR 20-21.

### B. Ornella Addonizio, M.D., Treating Psychiatrist

Dr. Addonizio began treating plaintiff on February 14, 2012. AR 519-521. The medical record shows that plaintiff received continuous bi-weekly or monthly treatment from Dr. Addonizio, until the last treatment note dated April 9, 2015. AR 523-524 (treatment notes for March 14, 2012); 525-526 (treatment notes for March 28, 2012); 543-545 (treatment notes for November 1, 2012); 546-548 (treatment notes for November 15, 2012); 549 (treatment notes for December 11, 2012); 550-552 (treatment notes for December 27, 2012); 553-555 (treatment notes for January 10, 2013); 556-558 (treatment notes for January 17, 2013); 559-561 (treatment notes for January 31, 2013); 448-450 (treatment notes for May 8, 2013); 445-447 (treatment notes for July 10, 2013); 441-444 (treatment notes for July 24, 2013); 437-440 (treatment notes for December 18, 2013); 434-436 (treatment notes for February 19, 2014); 432-433 (treatment notes for March 19, 2014); 429-431 (treatment notes for May 14, 2014); 426-428 (treatment notes for June 26, 2014); 422-425 (treatment notes for August 27, 2014); 452-453 (treatment notes for October 1, 2014); 457-458 (treatment notes for January 5, 2015); 463-466 (treatment notes for January 14, 2015); 491-494 (treatment notes for January 21, 2015); 487-490 (treatment notes for February 18, 2015); 508-511 (treatment notes for February 25, 2015); 504-507 (treatment notes for March 5, 2015); 500-503 (treatment notes for March 10, 2015); 496-499 (treatment notes for April 9, 2015).

Dr. Addonizio assessed plaintiff with "Generalized Anxiety Disorder" and "Major Depressive D.O. Recurr[ing]" on November 2012. AR 543. Treatment notes indicated plaintiff's medications were continuously adjusted to address plaintiff's changing symptoms. AR 525, 545, 547-548, 549, 558, 447, 439, 465-466, 489, 510, 506. Treatment notes also indicated a listing of psychiatric medications plaintiff was prescribed to address her impairments. AR 521, 543, 547, 550, 553, 556, 559, 449-450, 446, 442-443, 438, 435, 433, 430, 427, 423, 465, 492, 488, 509, 505, 501, 497. The last treatment notes of record dated April 9, 2015 indicated plaintiff 's

psychiatric medications included prescriptions for Brintellix,[6] Strattera,[7] and Wellbutrin XL.[8]  AR 497.

On October 1, 2014, Dr. Addonizio completed a form entitled "Medical Opinion re: Ability To Do Work-Related Activities (Mental)."  AR 452-453.  Dr. Addonizio opined that plaintiff's mental abilities such as "remember[ing] work-like procedures;" "maintain[ing] attention for two[-]hour segment[s];" "maintain[ing] regular attendance and be[ing] punctual within customary, usually strict tolerances;" "work[ing] in coordination with or proximity to others without being unduly distracted;" "complet[ing] a normal workday and workweek without interruptions from psychologically based symptoms;" "perform[ing] at a consistent pace without an unreasonable number and length of rest periods;" and "deal[ing] with normal work stress" were "unable to meet competitive standards."[9]  AR 452.  Dr. Addonizio further opined that plaintiff's mental abilities such as "understand[ing] and remember[ing] detailed instructions;" carry[ing] out detailed instructions;" and "deal[ing] with stress of semiskilled and skilled work;" were "unable to meet competitive standards."  AR 453.  Dr. Addonizio assessed that plaintiff's mental "impairments or treatment would cause" plaintiff "to be absent from work" "more than four days per month" and that plaintiff would be unable to work "8 hours per day, 5 days a week, with the legally allowed rest periods, and 'lunch' time, at the normal pace."  Id.  Lastly, Dr. Addonizio assessed that plaintiff was able to "manage monetary benefits."  Id.

On January 5, 2015, Dr. Addonizio and plaintiff's psychotherapist, Al Huitric, completed an updated "Medical Opinion re: Ability To Do Work-Related Activities (Mental)" form.  AR

---

[6] Brintellix is used to treat depression.  See https://www.webmd.com/drugs/2/drug-165188/brintellix-oral/details (last visited by the court on September 24, 2018.

[7] Strattera "is used to treat attention-deficit hyperactivity disorder (ADHD) as part of a total treatment plan, including psychological, social, and other treatments."  See https://www.webmd.com/drugs/2/drug-64629/strattera-oral/details (last visited by the court on September 24, 2018.

[8] Welbutrin XL is used to treat depression.  See https://www.webmd.com/drugs/2/drug-76851/wellbutrin-xl-oral/details (last visited by the court on September 24, 2018.

[9] "Unable to meet competitive standards" "means [the] patient cannot satisfactorily perform this activity independently, appropriately, effectively and on a sustained basis in a regular work setting."  See AR 452.

9

457-458. The assessment included plaintiff's previously marked limitations with the addition of diminishing abilities in other areas. Plaintiff's mental abilities to "carry out very short and simple instructions;" "ask simple questions or request assistance;" "get along with co-workers or peers without unduly with co-workers or peers without unduly distracting them or exhibiting behavioral extremes;" and "respond appropriately to changes in a routine work setting" were noted to have declined to "unable to meet competitive standards." AR 457. Plaintiff's mental abilities to "complete a normal workday and workweek without interruptions from psychologically based symptoms;" "perform at a consistent pace without an unreasonable number and length of rest periods;" and "accept instructions and respond appropriately to criticism from supervisors" were noted to have further declined to "no useful ability to function."[10] Id. Plaintiff was additionally assessed to be "unable to meet competitive standards" as to "set[ting] realistic goals or make plans independently of others;" "travel in unfamiliar place;" and "use public transportation." AR 458. It was again opined that plaintiff would be absent from work "more than four days per month" due to her impairments or treatment and would be unable to work "8 hours per day, 5 days a week, with the legally allowed rest periods, and 'lunch' time, at the normal pace." AR 458. Lastly, plaintiff was assessed to no longer be able to manage her own monetary benefits in her own best interest. Id.

The ALJ gave Dr. Addonizio's October 1, 2014 opinion as to plaintiff's "ability to do work-related activities" "little weight" on the grounds that the opinion was "unsupported by the medical records, including [her] own treatment notes and generally benign mental status examinations." AR 20. The ALJ further noted that Dr. Addonizio's January 5, 2015 opinion relating to plaintiff's "ability to do work-related activities," was given "little weight" on the grounds that the opinion was "unsupported by the medical evidence including [her] own treatment notes." AR 21.

The ALJ erred in failing to specify the inconsistencies he identified between Dr. Addonizio's opinions and her treatment notes and examinations. See Embrey v. Bowen, 849 F.2d

---

[10] "No useful ability to function" means "an extreme limitation, means [the] patient cannot perform this activity in a regular work setting. See AR 457.

418, 421 (9th Cir. 1988) (in rejecting a medical opinion as unsupported or inconsistent with the treatment notes, the "ALJ must do more than offer his conclusions.") An ALJ may reject a treating physician's opinion only by providing clear and convincing or specific and legitimate reasons supported by substantial evidence by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (internal citations and quotation marks omitted).

Here, the ALJ did not satisfy this requirement. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Garrison, 759 F.3d at 1012-1013. Accordingly, the court finds the ALJ failed to provide clear and convincing or specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Addonizio's opinion.

C. Harmless Error Analysis

As discussed, the ALJ erred in rejecting Dr. Addonizio's opinion and that error was not harmless. Accordingly, the court is authorized "to 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014). "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2000).

More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

////

Benecke, 379 F.3d at 593 (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000)).

Under the second step in the remand analysis, the court must "review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2016) (quoting Treichler, 775 F.3d at 1101). Under the third step in this analysis, the court should remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014) (internal quotation marks omitted).

In this case, if Dr. Addonizio's opinion were credited as true, plaintiff would necessarily be found disabled under the applicable regulations. Specifically, Dr. Addonizio opined that plaintiff's "impairments or treatment would cause" plaintiff "to be absent from work" "more than four days per month." AR 453, 458. When plaintiff's limitations, particularly the limitation of missing three days per month from work, was put to the VE at the hearing, the VE testified that there would be no jobs available. AR 78. Because the VE found that no jobs were available for plaintiff under the hypothetical incorporating a work attendance less severe than Dr. Addonizio's opinion, plaintiff is disabled under the Act.

Where the above steps are satisfied, this court must exercise its discretion in determining whether to remand for further proceedings, or for the immediate calculation and award of benefits. Dominguez, 808 F.3d at 407 (if disability finding would necessarily follow if discredited evidence were credited as true, "the district court may exercise its discretion to remand the case for an award of benefits"). If, despite satisfying the above steps, the "record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act," the court should remand for further proceedings. Burrell, 775 F.3d at 1141 (quoting Garrison, 759 F.3d at 1021). However, the court would be "abus[ing] its discretion by remanding for further proceedings where the credit-as-true rule is satisfied and the record afforded no reason to believe that [the plaintiff] is not, in fact, disabled." Garrison, 759 F.3d at 1021.

Here, the record leaves no doubt that the plaintiff is disabled within the meaning of the Act. The VE was provided a hypothetical by plaintiff's attorney that included the limitation of plaintiff missing work more than three times a month. AR 78. Based on this hypothetical, the VE concluded that plaintiff was prevented from maintaining full-time employment. Accordingly, the court finds that plaintiff is disabled within the meaning of the Act and no further fact finding is necessary.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall correct the docket to reflect the correct spelling of plaintiff's last name (Zuckswert);

2. Plaintiff's motion for summary judgment (ECF No. 20), is GRANTED;

3. The Commissioner's motion to remand (ECF No. 24), is DENIED;

4. This matter is REVERSED and REMANDED to the Commissioner for an immediate award of benefits; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: September 26, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE